(Pleito No. 13.—Fallado el 26 de Diciembre de 1899.)

## Fernández contra Rodríguez.

Recurso contra sentencia dictada por el Tribunal de Distrito de Mayagüez:

1.—Subsanación de un error. Cuando una parte protesta de que un Tribunal de Justicia ha incurrido en error, dicha parte debe pedir la subsanación del mismo en la instancia en que se cometió. De otro modo el Tribunal Supremo declarará sin lugar el recurso de casación por quebrantamiento de forma basado en tal error.

2.—El recurso no debe ser admitido. En el caso de referencia, el Tribunal que admita dicho recurso falta al cumplimiento de los artículos 1,750 y 1,752 de la Ley de Enjuiciamiento Civil.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y seis de Diciembre de mil ochocientos noventa y nueve, en los autos ejecutivos seguidos en el Juzgado de 1ª Instancia y Tribunal del Distrito de Mayagüez por la sociedad mercantil Fernández y Cª de aquella plaza con Doña María Gregoria Rodríguez, casada, propietaria y vecina del pueblo de las Marías, sobre cobro de pesos, autos pendientes ante Nos en recurso de casación por quebrantamiento de forma, con protesta para el de infracción de Ley, interpuesto por la referida sociedad á la que representa y defiende el Letrado Don Herminio Díaz Navarro, sin que haya comparecido·en este Tribunal Supremo la parte demandada y recurrida:—Resultando: Que seguido juicio ejecutivo por la sociedad Fernández y Cª contra Doña María Gregoria Rodríguez, esposa de Don José M. Ramírez, en cobro de pesos, después de formulada oposición por la parte demandada, que contestó la demandante, fueron recibidos los autos á prueba en providencia de veinte y nueve de Junio último

por término de diez días comunes á las partes, los que habían de vencer en trece de Julio siguiente.—Resultando: Que en ocho de Julio citado, la parte actora propuso como prueba la de posiciones en pliego cerrado que habían de absolver bajo juramento indecisorio tanto la ejecutada como su esposo; y habiéndose declarado pertinente, se señaló para su práctica el día trece del citado Julio, sin que se llevara á efecto por falta de citación de aquéllos, señalándose en su virtud para el acto el día diez ocho del propio mes, en que no comparecieron los mencionados consortes á pesar de haber sido citados, por lo que se señaló nuevamente el día veinte y dos; bajo apercibimiento de ser declarados confesos si citados no comparecían, comparecencia que no efectuaron, pues en ese día presentó la demandada certificación facultativa de hallarse enferma.—Resultando: Que en vista de la certificación facultativa expresada, la sociedad Fernández y Cª pidió al Juzgado en escrito de veinte y cuatro de Julio que se constituyese en la casa de la Rodríguez, residente en el término municipal del pueblo de las Marías, para que ésta y su esposo absolvieran las posiciones propuestas ó se diera comisión bastante para ello al Juez municipal de dicho pueblo, á cuya pretensión proveyó aquel Juzgado el día veinte y seis que de conformidad con lo dispuesto en el artículo 1,470 de la Ley de Enjuiciamiento Civil, se trajeran los autos á la vista con citación de las partes para sentencia, sin que hubiera lugar á la práctica de la prueba solicitada por haber transcurrido el término.—Resultando: Que la sociedad ejecutante, lejos de utilizar contra esa providencia recurso alguno, pidió en escrito de veinte y siete de Julio que se señalara día para la vista, la que se celebró ante el Juzgado en cuatro de Agosto siguiente, sin que en el acta extendida exista indicación alguna concreta de haber sido impugnado dicho provisto; y habiendo pasado el juicio para su continuación al Tribunal de Distrito de Mayagüez, se celebró ante éste nueva vista en once de Septiembre siguiente, consignándose en acta que el Abogado defensor de la parte de-

mandante expuso las consideraciones que estimó pertinentes á su derecho.—Resultando: Que el Tribunal del Distrito de Màyagüez, por sentencia de diez y nueve de Septiembre, declaró nulo todo lo actuado en el juicio ejecutivo, desde el auto en que se despachó la ejecución, con las costas á la parte ejecutante.—Resultando: Que contra esa sentencia interpuso la representación de Fernández y Cª recurso de casación por quebrantamiento de forma y anunció el de infracción de Ley fundado aquél en el número 5º del artículo 1,691 de la Ley de Enjuiciamiento Civil, por haberle sido denegada la práctica de una diligencia de prueba tan importante como la confesión judicial, de la que dependían el verdadero alcance y sentido del documento presentado por la demandada como base de sus excepciones, y cuya falta le había producido indefensión, habiendo pedido, según dice, la subsanación de la misma en el acto de la vista pública.— Vistos: siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que según el artículo 1,694 de la Ley de Enjuiciamento Civil, para que pueda ser admitido el recurso de casación por quebrantamiento de forma, es indispensable que se haya pedido la subsanación de la falta en la instancia en que se cometió.—Considerando: Que lejos de haberse pedido la subsanación de la falta en que se funda el recurso, ante el Juzgado de 1ª Instancia y Tribunal de Distrito de Mayagüez que conocieron del juicio, fué consentida la providencia llamando los autos á la vista y denegando la práctica de la prueba de confesión declarada pertinente, sin que la parte recurrente ejercitara contra dicha providencia recurso alguno ni tampoco conste que en el acto de la vista reclamara contra ella.—Considerando: Que el Tribunal del Distrito de Mayagüez, no ha debido admitir el recurso de casación de que se trata por faltar el requisito expresado que es el último de los que enumera el artículo 1,750 de la Ley citada, dejando al admitirlo de dar cumplimiento á lo que previene el artículo 1,752 de la propia Ley.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de

casación por quebrantamiento de forma interpuesto por la sociedad Fernández y Cª, á la que condenamos en las costas. Comuníquese al Tribunal sentenciador y dése cuenta para sustanciar el recurso iniciado por infracción de Ley.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Juan Hernández López.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don C. Hernández, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico, á veinte y seis de Diciembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.